```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

AMERICAN TOWER ASSET SUB,
LLC,

    Plaintiff,

v.                                    Case No. 8:13-cv-2974-T-33MAP

HERNANDO COUNTY WATER AND
SEWER DISTRICT,

    Defendant.
_____/

**ORDER**

The Court considers this matter sua sponte consistent with its obligation, as a court of limited jurisdiction, to inquire into its jurisdiction at the earliest possible stage of the litigation. See Kirkland v. Midland Mort. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)). After doing so, the Court remands this matter to state court pursuant to 28 U.S.C. § 1447(c), which states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**Discussion**

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Uncertainties concerning the propriety of removal are resolved in favor of remand. Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In the present case, Defendant Hernando County removed this action from the Fifth Judicial Circuit in and for Hernando County, Florida on November 22, 2013. (Doc. # 1). Hernando County premised this Court's jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332. However, rather than appropriately alleging the citizenship of a limited liability company, the Notice of Removal instead evaluates the citizenship of American Tower under

2

the test applicable to a corporation. (See Doc. # 1 at 2) ("For the purposes of diversity jurisdiction, a corporation is deemed a citizen of any state in which it is incorporated and the state in which it has its princip[al] place of business. Accordingly, Plaintiff is a citizen of Massachusetts and Delaware.").

In Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., the Eleventh Circuit held that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, because the removing party has not adequately alleged a basis for federal jurisdiction, the Court remands this action to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Fifth Judicial Circuit in and for Hernando County, Florida.

(2) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of November, 2013.

VIRGINIA M. HERNANDEZ COVINGTON<br>UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record